Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000468
28-OCT-2019
07:53 AM

NO. CAAP-16-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DANNY L. CREAMER, Claimant-Appellee,
v.
COUNTY OF KAUAI POLICE DEPARTMENT,
Employer-Appellant, Self-Insured,
and
FIRMS CLAIMS SERVICES,
Third Party Administrator-Appellant

APPEALS FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-394(K)) and (CASE NO. AB 2015-124(K))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Employer-Appellant County of Kauai Police Department
and Third-Party Administrator-Appellant Firms Claims Services
(collectively referred to as **Kauai County**) appeal from the Labor
and Industrial Relations Appeals Board's (**LIRAB**) Decision and
Order (**LIRAB Decision**) filed on May 16, 2016.[1]

We affirm.

**I.  Background**

Claimant-Appellee Danny L. Creamer (**Creamer**) was a
police officer for Kauai County.  There was a change in the
reporting system at the Police Department.  Creamer had ongoing

---

[1]    The Appellee did not submit an Answering Brief.

difficulties with this system and eventually, on May 20, 2014, Creamer was given a formal Notice of Disciplinary Action (**Disciplinary Action**).

On July 17, 2014, Creamer filed a WC-5 Employee's Claim for Workers' Compensation Benefits (**WC-5**) for a May 20, 2014 work injury. Creamer claimed that he felt stressed at work, and manifested symptoms of continued headaches, pain in the stomach, diarrhea, and chest pains. On November 14, 2014, the Director of Labor and Industrial Relations (**Director**) issued a decision denying Creamer's request for workers' compensation benefits for the May 20, 2014 injury (**11/14/14 Director Decision**). On November 18, 2014, Creamer appealed from the 11/14/14 Director Decision to the LIRAB.

On November 18, 2014, Creamer filed a WC-5 for a January 1, 2014 work injury. Creamer claimed that difficulties with the new computer system caused him physical problems of headaches, stomach problems, sleeplessness, and loss of appetite. On March 16, 2015, the Director issued a decision granting Creamer's request for workers' compensation benefits for the January 1, 2014 injury (**3/16/15 Director Decision**). Kauai County appealed from the 3/16/15 Director Decision to the LIRAB.

On May 16, 2016, the LIRAB Decision was issued that (1) reversed the 11/14/14 Director Decision and (2) affirmed the 3/16/15 Director Decision. Kauai County appeals from the LIRAB Decision.[2]

## II. Discussion

### A. January 1, 2014 Injury

Regarding the January 1, 2014 injury, Kauai County argues that the LIRAB erred in including certain factual findings in its Findings of Fact (**FOFs**), while excluding others. Kauai County argues that this made it appear as though Creamer's

---

[2] While Kauai County lists a number of points of error, it only argues some of them. In accordance with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7), we address only the points supported by arguments.

preexisting headaches[3] were worsening because of work stressors, when in fact they were not. More specifically, Kauai County takes issue with the following FOFs that were included in the LIRAB Decision:

> 20. [Creamer] had a history of headaches since at least 2010, and had been treated with medication, including Fioricet.
>
> 21. On January 8, 2014, [Creamer] called Dennis Scheppers, M.D., requesting a refill of Fioricet and oxycodone. Dr. Scheppers refused to provide the medication without an appointment.
>
> 22. [Creamer] saw Dr. Scheppers on January 9, 2014, with complaints of shoulder pain and more frequent headaches that required more Fioricet. [Creamer] did not report any work-related issues at this visit.
>
> 23. [Creamer's] last appointment with Dr. Scheppers before January 9, 2014 was on June 21, 2013.

Kauai County argues that the LIRAB failed to include certain facts in its findings that would demonstrate there was no work-related increase in Creamer's headaches, including: Creamer had not seen Dr. Sheppers since June 2013 and there was no increase in Fioricet on January 9, 2014; and Creamer's January 9, 2014 and April 30, 2014 appointments with Dr. Scheppers were not work related, while his May 22, 2014 appointment was work related. Kauai County contends that these facts provided a basis for Dr. Brian Y. Mihara's[4] opinion that Creamer's headaches were "100% preexisting," and thus the LIRAB was wrong when it concluded that Kauai County did not rebut the presumption that the injury was work related.

We review the LIRAB's FOFs to determine if they are clearly erroneous. See Duque v. Hilton Hawaiian Vill., 105 Hawai'i 433, 437-38, 98 P.3d 640, 644-45 (2004). Based on our review of the LIRAB Decision, it contains findings about Creamer's medical history, including his prior history of

---

[3] Because Kauai County focuses on Creamer's headaches with regards to the January 1, 2014 injury, that will also be the focus of the "January 1, 2014 Injury" discussion.

[4] Dr. Mihara examined Creamer on January 13, 2015 at Kauai County's request for the January 1, 2014 injury.

headaches and his doctor visits after January 2014. Given the record, the LIRAB's findings are not clearly erroneous.

Kauai County also apparently argues that the LIRAB was wrong when it concluded that Kauai County did not rebut the presumption of compensability for the January 1, 2014 injury. Under Hawaii Revised Statutes (**HRS**) Chapter 386, Workers'

Compensation Law:

> §386-85 **Presumptions.** In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:
>
> (1) That the claim is for a covered work injury[.]

(Supp. 2013). To overcome this presumption, the employer has the initial burden of producing substantial evidence to the contrary. See Panoke v. Reef Dev. of Hawaii, Inc., 136 Hawai'i 448, 461, 363 P.3d 296, 309 (2015). Here, in its FOF 22, the LIRAB found that when Creamer saw Dr. Scheppers on January 9, 2014, he complained of shoulder pain and increased headaches that required more Fioricet. The LIRAB eventually concluded that Kauai County failed to show substantial evidence that Creamer's condition was not caused or aggravated by his work activities. Given its findings, the LIRAB's conclusion was not wrong.

## B. May 20, 2014 Injury

Regarding the May 20, 2014 injury, the LIRAB credited Dr. Roger Likewise's[5] opinion that to the extent that Creamer developed a mental disorder, it was most likely a Mixed Adjustment Disorder caused by the Disciplinary Action. However, the LIRAB also found that although the Disciplinary Action caused the disorder, it was not the sole cause.

Kauai County argues that the LIRAB's factual findings should have mirrored Dr. Likewise's other opinion that the Disciplinary Action caused the Mixed Adjustment Disorder which

---

[5] Dr. Likewise prepared a Clinical Psychological Record Review report at Kauai County's request for the January 1, 2014 and May 20, 2014 injuries.

affected Creamer's medical conditions.  This is because "[a] claim for mental stress resulting solely from disciplinary action taken in good faith by the employer shall not be allowed."  HRS § 386-3(C) (Supp. 2013).  Thus, Kauai County argues that the LIRAB should have concluded that Kauai County overcame the presumption of compensability.

The LIRAB acknowledged Dr. Likewise's opinions, and included them in its factual findings.  Consequently, it appears Kauai County asserts that the LIRAB should have credited Dr. Likewise's opinions over other evidence in the case, and should have found that the Disciplinary Action was the sole cause of the Mixed Adjustment Disorder.  However, the LIRAB had the discretion to weigh the evidence before it.  Indeed "[i]t is well established that courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings." Moi v. State, Dep't of Pub. Safety, 118 Haw. 239, 242, 188 P.3d 753, 756 (App. 2008) (internal citations omitted), as corrected (June 19, 2008).  From our view of the record, the LIRAB considered Dr. Likewise's opinions, along with the other evidence, and ultimately determined that the Mixed Adjustment Disorder was not solely caused by the Disciplinary Action.  The LIRAB did not abuse its discretion.

Finally, Kauai County argues that the LIRAB erred when it concluded that they did not overcome the presumption of compensability.  Although Dr. Likewise opined that the Mixed Adjustment Disorder was caused solely by the Disciplinary Action, there was also evidence to the contrary.  Dr. Boyd J. Slomoff (**Dr. Slomoff**)[6] opined that ongoing work stressors adversely affected Creamer's medical conditions related to his gastrointestinal and musculoskeletal systems along with tension headache and hypertension, and that Creamer had occupational stressors coping with the report writing system and ongoing

---

[6]  Dr. Slomoff examined Creamer at the request of Kauai County.

5

discord with his supervisor. Creamer reported physical ailments to Dr. Sheppers prior to May 20, 2014, including shoulder pains and worsening headaches. Thus, there are unchallenged findings in the record to support the LIRAB's conclusion that Kauai County did not overcome the presumption of compensability.

### III.   Conclusion

The Decision and Order of the Labor and Industrial Relations Appeals Board, filed on May 16, 2016, is affirmed.

DATED:  Honolulu, Hawai'i, October 28, 2019.

On the briefs:

Colette H. Gomoto,
Leong Kunihiro Benton & Brooke
for Employer-Appellant and
Third Party Administrator-
Appellant.

Chief Judge

Associate Judge

Associate Judge